# United States District Court
# Northern District of Illinois
# Eastern Division

| | |
|---|---|
| Ricardo Moraga, )<br>(A74-547-274) )<br>)<br>Plaintiff. )<br>)<br>)<br>)<br>vs. )<br>)<br>**Ruth Dorochoff**, District Director of the )<br>Chicago Office of the United States )<br>Department of Homeland Security, )<br>U.S. Citizenship & Immigration )<br>Services; **Jonathan Scharfen**, Acting )<br>Director, U.S. Citizenship & Immigration )<br>Services; **Michael Chertoff**, Secretary, )<br>United States Department of Homeland )<br>Security; **Robert Mueller**, Director of )<br>the Federal Bureau of Investigations; )<br>and **Michael B. Mukasey**, U.S. )<br>Attorney General, )<br>)<br>Defendants. ) | FILED: AUGUST 2, 2008<br>08CV4387<br>Case #: _____<br><br>JUDGE GETTLEMAN<br>MAGISTRATE JUDGE BROWN<br><br>JH |

## Complaint at Law

Now comes the Plaintiff, Ricardo Moraga, seeking from this Honorable Court an order commanding Defendants to forthwith adjudicate Plaintiff's *Application for Naturalization* ("N-400"). Said application has been pending for over four (4) years. In furtherance, Plaintiff presents the following:

## Introduction

1) This action is being brought against Defendants to compel action on an N–400 *Application for Naturalization* filed by the Plaintiff. The N–400 was filed on or about July 16, 2004 (**Ex. 1**), and remains in the jurisdiction of the Defendants;

2) The Defendants have improperly and unreasonably withheld adjudication of the N–400 following a January 6, 2005 (**Ex. 2**) interview at which the Defendants' agent (Officer Weir) stated that Plaintiff's N–400 would be recommended for approval as soon as Plaintiff's "name check" is completed;

3) Since January 6, 2005, Plaintiff has made at least six (6) written inquiries, numerous personal inquiries through InfoPass (an inquiry process instituted by the Defendant US Citizenship & Immigration Services, or "USCIS," that allows the public to make an appointment to speak with an Immigration Information Specialist in person regarding an immigration matter) and has attempted to bring these delays to the attention of the Defendants by filing letters with the District Director of the Chicago office of the Department of Homeland Security ("DHS");

4) Plaintiff has been repeatedly told that he must continue to await the results of his "name check" before a decision on his case can be made;

5) Adding unneeded insult to injury, the Chicago DHS rescheduled Plaintiff for a second N-400 interview on January 30, 2008 (**Ex. 3**), however, it mailed

that notice on January 31, 2008 – one day after the interview was supposed to take place;

6) Plaintiff, through Counsel, has inquired of the Chicago DHS as to when he can expect such matter to be re-set for adjudication (**Ex. 5**), however, no response has been received. The N-400 application remains pending (**Ex. 4**);

### Applying for United States Citizenship

7) Federal immigration law allows certain persons who have been residing in the United States as lawful permanent residents (ie. "green card" holders) to become United States citizens through a process known as "naturalization." Section 334 of the Immigration & Nationality Act ("INA") (see also 8 U.S.C. §1445) generally prescribes the method for seeking naturalization;

8) § 316(a) of the INA outlines that such a permanent resident must satisfy the following requirements in order to qualify for United States citizenship:

> "No person...shall be naturalized, unless such applicant...immediately preceding the date of filing his application for naturalization has resided continuously, after being lawfully admitted for permanent residence, within the United States for at least five years and during the five years immediately preceding the date of filing his application has been physically present therein for periods totaling at least half of that time, and who has resided within the State or within the district of the Service in the United States in which the applicant filed the application for at least three months; has resided continuously within the United States from the date of the application up to the time of admission to citizenship; and during all the periods referred to in this subsection has been and still is a person of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the United States." INA § 316(a); 8 U.S.C. § 1427(a);

9) In addition, INA § 319(a) reduces the requisite period of lawful permanent residency required for naturalization from 5 years to 3 years in the case of an applicant who is the spouse of a United States citizen. 8 U.S.C. § 1430(a);

10) A person seeking naturalization, therefore, must establish that he has a sufficient understanding of the English language, knowledge of history and civics of the United States, that he has maintained sufficient physical presence in the United States, and that he possesses good moral character. 8 U.S.C. §§ 1423, 1427(a);

11) Persons seeking to naturalize must submit an application for naturalization to the USCIS. 8 U.S.C. § 1445. USCIS is the agency that is responsible for adjudicating naturalization applications. 8 C.F.R. § 100.2;

12) Once an application is submitted, USCIS conducts a background investigation of each naturalization applicant. 8 U.S.C. § 1446(a); 8 C.F.R. § 335.1;

13) According to USCIS regulations, the background investigation includes a full criminal background check performed by the Federal Bureau of Investigations ("FBI"). 8 C.F.R § 335.2. After the background investigation is completed, USCIS schedules a naturalization examination, at which an applicant meets with a USCIS examiner who is authorized to ask questions and take testimony. The USCIS examiner must determine whether to grant or deny the naturalization application. 8 U.S.C. § 1446(d);

14) USCIS schedules the initial examination (i.e. naturalization interview) "***only after*** the Service has received a definitive response from the Federal Bureau of Investigation that a full criminal background check of an applicant has been completed." 8 C.F.R. § 335.2(b) (emphasis added);

15) This duty to adjudicate the application is non-discretionary. 8 C.F.R. §316.14(b)(1);

16) USCIS must grant a naturalization application if the applicant has complied with all requirements for naturalization. 8 C.F.R. § 335.3;

17) Furthermore, USCIS must grant or deny a naturalization application at the time of the examination or, at the latest, within 120 days after the date of the examination. 8 U.S.C. §1447(b). The "examination" referred to in 8 U.S.C. §1447(b) is the *initial* interview that the applicant undergoes at the USCIS District Office;

18) Once an application is granted, the applicant is sworn in as a United States citizen;

19) Plaintiff is informed and believes that since September 11, 2001, USCIS has added a new type of background check to the naturalization process, known as a "name check." A "name check" is a check of FBI records based on the full name of the applicant;

20) The "name check" is conducted by FBI personnel through manual and electronic searches of the FBI's centralized records. USCIS requests the FBI to conduct "name checks" on all applications for naturalization;

## Application for Naturalization filed by Plaintiff

21) Plaintiff is applying for naturalization under INA §§ 319 and 316 which guide the Defendants' application of the laws regarding eligibility for United States citizenship;

22) Plaintiff filed his N–400 application on or about July 16, 2004 (**Ex. 1**);

23) Plaintiff was granted lawful permanent residency on February 12, 1997 (**Ex. 6**) based on marriage to a United States citizen, Janet Mallari (**Ex. 7**);

24) Plaintiff and his wife have lived in marital union since 1994, almost nine years preceding the date of filing his N-400 application;

25) Plaintiff has paid the proper DHS filing fees, $390.00 (**Ex. 1**), and had an initial examination on said application for naturalization January 6, 2005 (**Ex. 2**). Plaintiff, however, was not then approved because background security checks through the FBI had to be completed, which the DHS announced that day – this FBI check still has not been completed over forty-two (42) months later and the delay in adjudication is a direct result of the incomplete FBI check;

26) **<u>Said application has now remained unadjudicated for 1,477 days</u>** (as of July 31, 2008), **<u>1,303 days of which is the time period since his initial examination on January 6, 2005</u>**. This is nearly *eleven times longer* than the statutory 120 day period for adjudication required by 8 C.F.R. §335.3;

27) Plaintiff filed at least five (5) written inquiries with the Chicago DHS (**Ex. 4**) prior to 2008 and made at least one (1) InfoPass appointment since the date of his naturalization interview and has been told that he must wait further while his background check is completed. There is no end in sight to these delays for Plaintiff;

28) Because of the delay in the adjudication of his naturalization petition, Plaintiff has had to apply for a renewal of his lawful permanent residency card (**Ex. 9**). Plaintiff's new card was approved April 18, 2007 – this was roughly one month after his I-90 *Application to Replace Permanent Resident Card* was filed;

29) Since 2005, USCIS has required permanent residents wishing to renew their I-551 Permanent Resident Cards to appear in person at Application Support Centers and provide biometric data (fingerprints, photographs and a signature) (**Ex. 10**). Also since that time, USCIS has charged an additional $70 above the I-90 filing fee to cover the costs of collecting these biometrics;

30) Presumably, there were no security issues or problems with Plaintiff's background check for the approval of *this* renewal application April 18, 2007;

31) In fact, this marked the *second* "approval" of Plaintiff's background by USCIS (the first approved background investigation resulted in the granting of Plaintiff's initial green card in 1997);

32) As noted in paragraphs 5-6, *supra.*, Plaintiff has recently received a notice from USCIS that he was scheduled for a *second* naturalization interview at the Chicago District Office January 30, 2008 at 8:05 a.m. (**Ex. 3**). Strangely, the envelope containing this interview notice was postmarked January 31, 2008 which was one (1) day *after* the scheduled interview (**Ex. 3**);

33) Counsel and Plaintiff did not receive their respective copies until well into the first week of February, 2008 and after waiting a reasonable period of time for the Chicago DHS to correct this error, Plaintiff, through Counsel, filed (on May 19, 2008) an inquiry seeking to have DHS rectify their scheduling (and notice) problem – to date, no response from DHS has been received;

34) Plaintiff is informed and believes that USCIS does not adjudicate applications for naturalization until it receives a completed "name check" from

the FBI. Neither USCIS nor the FBI imposes any time limits for completion of "name checks;"

35) The FBI generally claims that USCIS determines the order of resolution of the requested "name checks," and USCIS claims that it cannot ask or require the FBI to complete "name checks" within any particular timeframe;

36) USCIS has recently issued a memorandum addressing a policy change to name check procedures. See Aytes, USCIS Interoffice Memorandum, *Revised National Security Adjudication and Reporting Requirements* (2/4/08) (**Ex. 11**). If a name check remains pending longer than six months for I-485, I-601, I-687 or I-698 applications, the adjudicator has the power to approve these petitions without a result from the FBI;

37) Sadly for Plaintiff, this revision in policy ***does not*** extend to N-400 applications for naturalization. *Id.*;

38) The USCIS' practice of demanding "cleared" name checks from the FBI is not supported by statute, by law, nor by regulation;

39) 8 C.F.R. § 335.2(b) states that the FBI must confirm to USCIS that the naturalization applicant does not have "an administrative or a criminal record." 8 C.F.R. § 335.2(b)(1) and (2);

40) USCIS's duty to adjudicate applications in a timely fashion is not (and cannot be) dependent on the FBI's completion of the name checks;

41) When USCIS fails to adjudicate a naturalization application within 120 days of the examination, the applicant may seek *de novo* review of the application by a district court. 8 U.S.C. § 1447(b). **When the applicant requests district court review, the district court gains exclusive jurisdiction over the application and it may naturalize the applicant. 8 U.S.C. § 1447(b)**;

**Jurisdiction and Venue**

42) Plaintiff is a long-time, lawful permanent resident of the United States, whose application for naturalization has been unlawfully and unreasonably delayed for over three-and-a-half (3½) years since his naturalization examination. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because Plaintiff's claim arises under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 *et seq.*, and regulations arising there under;

43) The district courts have original jurisdiction to compel an officer or employee of any agency of the United States to perform a duty owed to Plaintiff. 28 U.S.C. § 1361;

44) This Court also has jurisdiction under 8 U.S.C. § 1447(b) to adjudicate Plaintiff's naturalization application because the responsible agency, USCIS, has failed to adjudicate the application despite the passage of more than 120 days since the date of the 2005 naturalization examination;

45) Additionally, jurisdiction is found under 28 U.S.C. § 2201 (Declaratory Judgment Act) and 5 U.S.C. § 701 *et seq.* (Administrative Procedure Act). This Court may grant declaratory and injunctive relief pursuant to 28 U.S.C. §§ 1361, 2202, and 5 U.S.C. § 702;

46) Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and §1391(e) because Defendants ("Defendants") are officers or employees of agencies of the United States government, acting in their official capacity under color of legal authority, and a substantial portion of the events and omissions giving rise to the claims herein occurred in this District, and the Plaintiff resides in this District. No real property is involved in this action;

## Parties

47) Plaintiff is a lawful permanent resident of the United States who has resided in the United States for more than thirteen (13) years and who has applied to naturalize as a United States citizen. He has been unlawfully deprived of naturalization for over four (4) years because of unreasonable and extraordinary agency delays. Plaintiff fulfilled all of the statutory requirements for naturalization and passed his naturalization examination over three years ago. Yet USCIS has failed to adjudicate Plaintiff's application within 120 days of the date of this examination, as required by law;

48) Defendant Michael B. Mukasey is the Attorney General ("AG") of the United States, and as such, is the head of the United States Department of Justice and the chief law enforcement officer of the federal government. The AG has the authority to naturalize persons as citizens of the United States. 8 U.S.C. §1421(a);

49) Defendant Mukasey, as AG, is also ultimately responsible for the Federal Bureau of Investigations, an agency that is a subdivision of the Department of Justice;

50) Defendant Michael Chertoff is the Secretary of the Department of Homeland Security ("DHS"). As of March 1, 2003, DHS is the agency responsible for implementing the INA. Within DHS, USCIS (*formerly* part of the legacy-Immigration and Naturalization Service ("INS")), is responsible for implementing the provisions of the INA under which lawful permanent residents are naturalized as United States citizens. Mr. Chertoff is sued here in his official capacity;

51) Defendant Jonathan Scharfen is the Acting Director of the USCIS, and as such is responsible for implementing the provisions of the INA under which

lawful permanent residents are naturalized as United States citizens. He is sued here in his official capacity;

52) Defendant Ruth Dorochoff is the Field Office Director of the Chicago District of USCIS. Pursuant to 8 C.F.R. § 310.2, Ms. Dorochoff has been delegated authority to control all USCIS activities within the Chicago District, including the authority to adjudicate naturalization applications. She is sued here in her official capacity;

53) Defendant Robert S. Mueller III is the Director of the FBI. The FBI is an agency within the United States Department of Justice whose mission is to enforce criminal laws and defend the United States against terrorist and foreign intelligence threats. Upon the request of USCIS, the FBI performs "name checks" and other background checks of all applicants for naturalization;

## Statement of Facts

54) Plaintiff Ricardo Moraga is a native and citizen of the Philippines. Plaintiff married his wife, Janet, on November 22, 1994 (**Ex. 7**) and together they have four (4) children who were all born in the United States and are, therefore, United States citizens. *US Constitution Art. 14*;

55) Plaintiff resides with his family in Wood Dale, Illinois and he has been a lawful permanent resident for nearly eleven-and-a-half (11½) years (**Ex. 6**);

56) On or about July 16, 2004, Plaintiff filed an N-400 application for naturalization (**Ex. 1**). At the January 6, 2005 naturalization examination, Chicago DHS Officer Weir informed Plaintiff that he successfully "passed" the examination. Plaintiff, thereby, meets all other statutory requirements for naturalization;

57) Despite Plaintiff's numerous inquiries with USCIS and his repeated

submission of his fingerprints (**Ex. 5**), **USCIS has failed to adjudicate his application for naturalization for over three-and-a-half (3½) years following the interview**.  USCIS personnel has repeatedly informed Plaintiff that his application is being delayed pending completion of a "name check";

58) Chicago DHS has also tried to re-interview Plaintiff, but issued faulty notice to Plaintiff and to Counsel (**Ex. 3**);

59) Despite further diligent follow-up by Plaintiff (**Ex. 5**), the N-400 application remains hijacked and pending as of July 29, 2008 (**Ex. 4**);

### FIRST CLAIM FOR RELIEF
**Adjudication of Petition for Naturalization pursuant to 8 U.S.C. § 1447(b)**

60) Plaintiff re-alleges and reasserts the foregoing paragraphs 1-59 as if set forth fully herein;

61) Plaintiff seeks a determination by the Court that he meets the requirements for naturalization and is to be naturalized as a U.S. citizen without further delay.  Pursuant to 8 U.S.C. §1447(b), this Court should exercise its authority to grant Plaintiffs's naturalization applications;

62) In the alternative, pursuant to 8 U.S.C. §1447(b), this Court should remand the matter with specific instructions that Defendants immediately complete adjudication of the naturalization application, or to do so within no more than fourteen (14) calendar days of remand;

### SECOND CLAIM FOR RELIEF
**Mandamus Relief pursuant to 28 U.S.C. §1361**

63) Plaintiff re-alleges and reasserts the foregoing paragraphs 1-59 as if set forth fully herein;

64) The Mandamus Act allows the district courts to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. §1361. The plaintiff must successfully demonstrate the following in order to successfully argue that a mandamus action is proper and warranted: (1) plaintiff has a clear right to relief requested; (2) defendant has a clear duty to perform the act requested; and (3) no other adequate remedy is available. *Iddir v. INS*, 301 F.3d 492, 499 (7th Cir. 2002);

65) Plaintiff has a clear right to have his application for naturalization adjudicated by USCIS within a reasonable time and Defendants have a clear duty to adjudicate the act requested;

66) Per INA §310(a), "the sole authority to naturalize persons as citizens of the United States is conferred upon the Attorney General." According to INA §335(d), "the employee designated [by the Attorney General] to conduct any such examination ***shall*** make a determination as to whether the application should be granted to or denied…" (emphasis added);

67) Because "shall" is mandatory, rather than discretionary or permissive, the statute imposes a duty to make a determination on the application;

68) Since the background investigation, the responsibility for which has been delegated to the FBI, is a part of the application process, there also exists a duty for the background check to be performed and completed. 8 U.S.C. 1446(a);

69) Defendants also have a clear duty to adjudicate the act requested within a reasonable amount of time. INA §336(b) states that an applicant may seek a hearing before a District Court if the Service has not adjudicated that applicant's naturalization petition within 120 days of the naturalization

examination. The initial naturalization interview is considered the "examination" (*see* paragraphs 15-17, *supra.*). Not making a determination within the statutorily imposed time frame of 120 days is a violation of said statute;

70) No other adequate remedy is available to plaintiff. Plaintiff cannot appeal because there **has not been any decision** made from which to make an appeal. USCIS has proven its inability to resolve this matter administratively in a reasonable amount of time and Plaintiff is left with no other means than to seek relief through these means;

## THIRD CLAIM FOR RELIEF

### Violations of the Administrative Procedure Act

71) Plaintiff re-alleges and reasserts the foregoing paragraphs 1-59 as if set forth fully herein;

72) The Administrative Procedure Act requires administrative agencies to conclude matters presented to them "within a reasonable time." 5 U.S.C. § 555. A district court reviewing agency action may "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). The court also may hold unlawful and set aside agency action that, *inter alia*, is found to be: "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. § 706(2)(A); "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right," 5 U.S.C. § 706(2)(C); or "without observance of procedure required by law," 5 U.S.C. § 706(2)(D). "Agency action" includes, in relevant part, "an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. § 551(13);

73) Defendants' policy of requiring name checks – an examination beyond the statutorily proscribed "criminal" and "administrative" checks – is beyond the scope of investigation allowed by statute;

74) The failure of Defendants Chertoff, Scharfen and Dorochoff to adjudicate the application for naturalization of Mr. Moraga within 120 days of the date of his naturalization examination (January 6, 2005) on the basis of "name checks," in violation of 8 U.S.C. § 1446(d) and 8 C.F.R. § 335, violates the Administrative Procedure Act, 5 U.S.C. § 555(b); 5 U.S.C. §§ 706(1), 706(2)(A), 706(2)(C), 706(2)(D);

75) The failure of Defendants Mukasey and Mueller to timely complete "name checks," with the full knowledge that USCIS requires the completion of such "name checks" for adjudication of applications for naturalization like Mr. Moraga's, violates the Administrative Procedure Act, 5 U.S.C. § 555(b); 5 U.S.C. §§ 706(1), 706(2)(A), 706(2)(C), 706(2)(D);

76) Defendants' failure to set deadlines for completing "name checks" and to take all the other reasonable steps necessary to complete the adjudication of applications for naturalization, including Plaintiff's, in violation of 8 U.S.C. § 1446(d) and 8 C.F.R. § 335, violates the Administrative Procedure Act, 5 U.S.C. § 555(b); 5 U.S.C. §§ 706(1), 706(2)(A), 706(2)(C), 706(2)(D);

77) As a result of Defendants' (in)actions, Plaintiff has suffered, and continues to suffer, injury. Declaratory and injunctive relief is therefore warranted;

### FOURTH CLAIM FOR RELIEF
### Violation of Due Process Clause

78) Plaintiff re-alleges and reasserts the foregoing paragraphs 1-59 as if set forth fully herein;

79) The Due Process Clause of the Fifth Amendment prohibits the government from depriving any person of life, liberty or property without due process of law;

80) Defendants Chertoff, Scharfen and Dorochoff have a pattern, practice or policy of failing to adjudicate applications for naturalization, including that of the Plaintiff, within 120 days of the date of the naturalization examination, because of delays in "name checks," in violation of 8 U.S.C. § 1446(d) and 8 C.F.R. § 335;

81) Defendants Mukasey and Mueller have a pattern, practice or policy of failing to timely complete "name checks," with the full knowledge that USCIS requires the completion of such "name checks" for adjudication of applications for naturalization of the proposed plaintiff class. Defendants also have a pattern, practice or policy of failing to set deadlines for completing "name checks" and to take all the other reasonable steps necessary to complete the adjudication of applications for naturalization, including that of the Plaintiff, in a timely fashion, in violation of 8 U.S.C. § 1446(d) and 8 C.F.R. § 335;

82) These actions by Defendants violate Plaintiff's right to due process of law;

83) As a result of Defendants' actions (or inactions), Plaintiff has suffered and continues to suffer injury. Both declaratory and injunctive relief is therefore warranted;

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

1. Assume sole jurisdiction over the matter;

2. Review *de novo* and grant Plaintiff's application for naturalization pursuant to 8 U.S.C. § 1447(b);

3. If the Court determines itself not to assume sole jurisdiction over the matter and grant Plaintiff United States citizenship, order Defendants to promptly adjudicate, in a time period not to exceed 14 calendar days, Plaintiff's currently pending naturalization application;

4. Award reasonable attorney fees and costs pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504, 28 U.S.C. § 2412; and

5. Grant any and all further relief this Court deems just and proper.

Dated: 2 August 2008

    /s/ Mark S. Kocol    ,
Mark S. Kocol,
Mark S. Kocol, P.C.
Attorneys for Plaintiff
53 West Jackson Boulevard, Suite 1752
Chicago, IL 60604
312-588-0466 (Ofc)
866-725-0343 (Fax)
Email: mkocol@aol.com
ARDC: #6225348

# United States District Court
# Northern District of Illinois
# Eastern Division

| | |
|---|---|
| Ricardo Moraga, ) | |
| (A74-547-274) ) | |
| ) | |
| Plaintiff. ) | |
| ) | |
| ) | |
| vs. ) | Case #: _____ |
| ) | |
| **Ruth Dorochoff**, District Director of the ) | |
| Chicago Office of the United States ) | |
| Department of Homeland Security, ) | |
| U.S. Citizenship & Immigration ) | |
| Services; **Jonathan Scharfen**, Acting ) | |
| Director, U.S. Citizenship & Immigration ) | |
| Services; **Michael Chertoff**, Secretary, ) | |
| United States Department of Homeland ) | |
| Security; **Robert Mueller**, Director of ) | |
| the Federal Bureau of Investigations; ) | |
| and **Michael B. Mukasey**, U.S. ) | |
| Attorney General, ) | |
| ) | |
| Defendants. ) | |

## Certificate of Service

    I, MARK S. KOCOL, attorney for Plaintiff, hereby certify that on the _2nd_ day of August, 2008, the attached Complaint at Law with attachments was served either by hand or via Federal Express overnight delivery on:

- 18 -

| | |
|---|---|
| Assistant U.S. Attorney<br>The Dirksen Federal Building<br>219 South Dearborn Street<br>Chicago, IL 60604 | Michael B. Mukasey<br>US Attorney General<br>Justice Department<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530 |
| Robert Mueller<br>Federal Bureau of Investigations<br>J.Edgar Hoover Bulding<br>935 Pennsylvania Avenue, NW<br>Washington, DC 20535 | Michael Chertoff<br>US Department of Homeland Security<br>Southeast Federal Center<br>Building Pad 159<br>1st & M Street, SE<br>Washington, DC 20407 |
| Ms. Ruth Dorochoff<br>USCIS-Chicago<br>101 West Congress Parkway<br>Chicago, IL 60605 | Office of General Counsel<br>US Department of Homeland Security<br>20 Massachusetts Avenue NW<br>Room 425<br>Washington, DC 20536 |

Jonathan Scharfen
Acting Director, USC
425 I Street, NW
Washington, DC   20536


   /s/ Mark S. Kocol                            ,
Mark S. Kocol
Mark S. Kocol, PC
Attorney for Plaintiff
53 West Jackson Boulevard, Suite 1752
Chicago, IL 60604
312-588-0466 (Ofc)
866-725-0343 (Fax)
Email:  mkocol@aol.com
ARDC:  #6225348